ORIGINAL

# In the United States Court of Federal Claims

No. 15-1121C

(Filed: March 7, 2016)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                  *
O'DEAN M. GRANT,                                  *
                                                  *
              Plaintiff,                          *
                                                  *
       v.                                         *
                                                  *
THE UNITED STATES,                                *
                                                  *
              Defendant.                          *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

FILED

MAR - 7 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This pro se action comes before the Court on Defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. For the reasons stated below, this action is dismissed.

### Background

Plaintiff is a resident of Bakersfield, California. Compl. ¶ 1. Plaintiff alleges that Defendant unlawfully seized his truck "under the guise of repo[ss]ession" and installed a GPS system and other "disabling devices," which the Federal Bureau of Investigation ("FBI") uses to track and monitor him. Id. at ¶¶ 4-5. Following an unfavorable judgment regarding his vehicle in the Superior Court of California, County of Kern, Plaintiff's truck was towed and impounded. Id. at ¶ 5.

Plaintiff also alleges that while he was a resident at the Men's Kern Mission, the FBI drugged and sedated him and placed microchips in his head. Id. at ¶ 6. He further claims that, while he was in prison, the FBI, Central Intelligence Agency, and Department of Justice caused another device to be implanted in his colon during a colonoscopy. Id. Plaintiff claims that Defendant uses this device to control certain bodily functions. Id. Plaintiff claims that Defendant set up the website "wheresgeorge.com" to track him through a GPS device placed in his body. Id. at ¶ 8. Plaintiff alleges that Defendant is now trying to kill him. Id. at ¶ 7.

Plaintiff demands judgment in the amount of $10 billion against the United States and injunctive relief "for surgery to remove the illegal devices" from his body. Id. at ¶ 8.

## Discussion

### Subject-Matter Jurisdiction

Subject-matter jurisdiction must be established before the Court may proceed to the merits. Aerolineas Argentinas v. United States, 77 F.3d 1564, 1572 (Fed. Cir. 1996). If the Court determines that it does not have subject-matter jurisdiction over the claim, the Court must dismiss the action. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). When deciding a motion to dismiss pursuant to Rule 12(b)(1), this Court must assume that all well-pleaded facts in the complaint are true and draw all reasonable inferences in the nonmovant's favor. Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

While a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, "complaints drafted by pro se litigants are held to 'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (citation omitted). Nevertheless, a pro se litigant must establish the Court's subject-matter jurisdiction. Tindle v. United States, 56 Fed. Cl. 337, 341 (2003). Moreover, "the court has no duty to create a claim where a pro se plaintiff's complaint is so vague or confusing that one cannot be determined." Fullard v. United States, 78 Fed. Cl. 294, 299 (2007).

### Plaintiff's Claims

Plaintiff generally invokes the First, Fifth, and Fourteenth Amendments, but does not allege any facts giving rise to a violation of those Constitutional rights. Compl. ¶¶ 2 ("[T]he government and the aforementioned government actors/agents have and continue to violate my 1st amendment right to free exercise of my belief/religion and the expression thereof."), 3 ("The violation of my 1st amendment right to redress the reckless and tyrannical acts of the U.S. is a paramount right to preserve all other rights in accord with the 14th Amendment."); see also id. at ¶¶ 7-8. In any event, this Court lacks jurisdiction over claims founded on the First and Fourteenth Amendments. Conley v. United States, 230 Ct. Cl. 962, 963 (1982) ("The first amendment does not in itself obligate the United States to pay monetary damages; therefore, we have no jurisdiction over such claims."). This Court also lacks jurisdiction over due process claims arising under the Fifth and Fourteenth Amendments. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that "alleg[ed] violations of [plaintiff's] rights under the Due Process Clauses of the Fifth and Fourteenth Amendments, [and] the Equal Protection Clause of the Fourteenth Amendment" are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the Government"); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the Due Process and Equal Protection Clauses of the Fifth Amendment do not obligate the United States to pay money damages, and do not trigger Tucker Act jurisdiction in the courts).[1]

---

[1] This Court does have jurisdiction over Fifth Amendment takings claims, but Plaintiff does not allege facts giving rise to a taking under the Fifth Amendment.

2

Plaintiff further alleges that Defendant, as part of a criminal gang subject to the Racketeer Influenced and Criminal Organization Act ("RICO"), took Plaintiff's vehicle "under the guise of repo[ss]ession." Compl. ¶ 4. Plaintiff claims that the judge who heard his repossession case in the County of Kern is also a member of the criminal gang and "ruled unlawfully" against Plaintiff. Compl. ¶ 5. This court does not possess jurisdiction over criminal claims, including those arising under RICO. Dumont v. United States, 85 Fed. Cl. 425, 430 (2009), aff'd, 345 F. App'x 586 (Fed. Cir. 2009). Nor does the Court have jurisdiction to review decisions of state or local courts. Landers v. United States, 39 Fed. Cl. 297, 301 (1997). Finally, this Court lacks jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties. Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998).

In his opposition to Defendant's motion to dismiss, Plaintiff raises new legal claims. First, he invokes his rights under the Fourth Amendment, but this Court lacks jurisdiction over Fourth Amendment claims. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Plaintiff also invokes 28 U.S.C. §§ 2672, 2674, and 2675(a), provisions of the Federal Tort Claims Act, but the Court of Federal Claims lacks jurisdiction over torts. Mients v. United States, 50 Fed. Cl. 665, 672 (2001). In his opposition, Plaintiff also asserts that he filed his complaint pursuant to 28 U.S.C. § 1331, but that statute grants federal question jurisdiction exclusively to the district courts and does not establish jurisdiction in this Court. Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997); Hernandez v. United States, 38 Fed. Cl. 532, 538 (1997). Finally, Plaintiff invokes 42 U.S.C. § 1983. However, "[i]t is well settled that this [C]ourt does not have jurisdiction over civil rights claims brought under Title VII of the Civil Rights Act of 1964 or 42 U.S.C. §§ 1981 or 1983." Osborn v. United States, 47 Fed. Cl. 224, 232 (2000).

This Court also lacks the authority to grant Plaintiff's request for injunctive relief "for surgery to remove the illegal devices" from his body. This Court possesses limited authority to grant equitable relief in bid protests, certain tax cases, and certain cases where relief is "an incident of and collateral to [a money judgment]." 28 U.S.C. §§ 1491(a)(2)-(b); see also Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003).

### Conclusion

Defendant's motion to dismiss is **GRANTED**. All other pending motions are dismissed as moot. The Clerk of Court is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Judge**